CLARENCE FLEENER, ADMINISTRATOR, ET AL., APPELLANTS,
v. OMAHA NATIONAL COMPANY ET AL., APPELLEES.

FILED JUNE 12, 1936.   No. 29681.

*Beghtol, Foe & Rankin,* for appellants.

*Good, Good & Kirkpatrick, William C. Ramsey* and *Sherman Welpton, Jr., contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ., and YEAGER, District Judge.

CARTER, J.

This is an action against the Omaha National Company,

as trustee for bondholders under the terms of a trust deed to certain lands in Cedar county, for damages for breach of trust. The trial court directed a verdict for the defendant and entered a judgment in its favor. From the overruling of their motion for a new trial, plaintiffs appeal.

On April 1, 1925, Hans J. Voss obtained a loan of $23,000 for five years with interest at 5 per cent. on his Cedar county farm from the Omaha Trust Company. He gave the trust deed and mortgage involved in this action to secure the loan. In addition thereto, he gave a second mortgage for $575, payable in 10 semiannual instalments, as payment of the commission for making the loan. The bonds which the trust deed and mortgage were given to secure were sold to customers of the Omaha Trust Company and other investors. Bonds in the amount of $5,000 were sold to one John Fleener, now deceased. The plaintiffs in this action are the heirs of John Fleener, and the defendant Omaha National Company is the successor-trustee for bondholders.

Plaintiffs base their claims for damages on three alleged breaches of trust: (1) That defendant wrongfully and in violation of the trust advanced money to pay interest coupons that became due and failed to notify plaintiffs of this default; (2) that defendant, in violation of its duties as trustee, permitted the taxes to become delinquent upon the property and failed to notify plaintiffs of said default; and (3) that the defendant failed to foreclose the mortgage security, as required by the trust deed, which caused additional loss by virtue of the subsequent depreciation in the value of the property, and failed to obtain a personal judgment against the mortgagor at a time when he was solvent and able to pay.

The record discloses that the mortgagor failed to pay the interest coupons promptly as they became due. The trustee advanced the $575 necessary to pay the interest coupons falling due on October 1, 1925. This was repaid by the mortgagor by December 18, 1925. The money

to pay the April 1, 1926, interest coupons was advanced by the trustee and it was repaid by the borrower by June 1, 1926. The money was also advanced to pay the October 1, 1926, interest coupons and it was repaid by Voss by September 21, 1927. The interest was also advanced to take up the October 1, 1927, coupons and it was repaid by February 11, 1928. After February 11, 1928, the trustee was never fully reimbursed for advancements made on interest. Foreclosure proceedings were commenced on August 19, 1930. At the time of the commencement of the foreclosure action, the trustee had collected back all advancements made except the sum of $329.59. Does this constitute a breach of trust for which the trustee must respond in damages?

The mortgage provides that, if default be made in the payment of any of the sums secured, and if "such default or breach shall continue for the space of thirty (30) days, then the trustee with full powers as a mortgagee in the premises, may, at its option and election, and shall, upon the written request of the holders of a majority in amount of the outstanding bonds, declare the whole indebtedness due and payable, and proceed to foreclose this mortgage for the benefit of all holders of said bonds." In the case at bar, the trustee did not elect to foreclose every time the mortgagor was in default. Instead, it elected to advance the interest and reimburse itself by making the collection from the mortgagor. The fact that only $329.59 of the interest remained unpaid prior to the date that the mortgage matured is evidence of how well the trustee performed this service. The terms of the mortgage do not require or contemplate that the trustee should foreclose the mortgage immediately upon a default of its terms. The exercise of judgment on the part of the trustee is required by the trust deed to determine the time for the commencement of the foreclosure action in the absence of written request to so do by holders of a majority in amount of the outstanding bonds. The trustee, under such circumstances, would not be liable for a mistake of

sound business judgment as it appeared from the point of view of the trustee at the time it was called upon for a decision. It is true that the trustee did not notify bondholders of each default that occurred. We have held: "It is the duty of a trustee to fully inform the *cestui que trust* of all facts relating to the subject-matter of the trust which come to the knowledge of the trustee and which are material for the *cestui que trust* to know for the protection of his interests." *First Trust Co. v. Carlsen,* 129 Neb. 118, 261 N. W. 333. In the same case we also said: "Where it appears that a trustee has practiced concealment, evasion or misrepresentation, thereby depriving the *cestui que trust* of material information relative to the subject-matter of the trust to his injury, the trustee, together with the persons participating in the wrong, may be required to respond in damages."

These statements of the law must be construed with the provisions of the trust deed. This was expressly stated in each of the bonds issued. We have also held that a bond, which refers specifically to a recorded trust deed and mortgage for a statement of the terms under which it was issued, thereby incorporates the trust deed and mortgage as a part of the contract. *Munch v. Central West Public Service Co.,* 128 Neb. 645, 259 N. W. 736. The trust deed in the suit at bar contained the following provisions: "So long as the trustee shall act in good faith and in reliance upon notices or other information which it may deem to be reliable, and so long as the trustee shall exercise reasonable prudence and care in its administration hereunder, the trustee shall not be liable for any loss of damage sustained or incurred by the mortgagors or any holder or holders of said bonds, or by any other persons whomsoever, it being expressly stipulated that the trustee shall be liable only for its own gross negligence and wilful default in the premises."

Appellants contend that, as the trust deed was drawn by the trustee, it ought to be construed against it. This would be true if the provisions of the trust deed were so

worded as to require a construction, but where the language used is definite and unambiguous, its usual and ordinary meaning should be adopted by the court. We conclude therefore that the exculpatory provisions of the trust deed may be invoked by the trustee to relieve it of all liability except for gross negligence and wilful default. The proper rule is stated by a highly regarded authority as follows:

"(1) Except as stated in subsections (2) and (3), the trustee, by provisions in the terms of the trust, can be relieved of liability for breach of trust.

"(2) A provision in the trust instrument is not effective to relieve the trustee of liability for breach of trust committed in bad faith or intentionally or with reckless indifference to the interest of the beneficiary, or of liability for any profit which the trustee has derived from a breach of trust.

"(3) To the extent to which a provision relieving the trustee of liability for breaches of trust is inserted in the trust instrument as the result of an abuse by the trustee of a fiduciary or confidential relationship to the settlor, such provision is ineffective." Restatement, Trusts, sec. 222.

In *Browning v. Fidelity Trust Co.*, 250 Fed. 321, the court said: "The plaintiff admits that as a general proposition parties creating a trust can, by their agreement, limit the liability which is imposed by one and accepted by the other (*Tuttle v. Gilmore*, 36 N. J. Eq. 617) but maintains, very properly, that the law, dictated by considerations of public policy, determines a point beyond which the parties cannot agree to relieve a trustee from liability for breach of a trust duty. For instance, a trustee cannot contract for immunity from liability for acts of gross negligence or for acts done in bad faith. Such contracts are invalid because repugnant to law."

The record in this case is replete with letters written by the trustee to the mortgagor insisting upon payments being made upon the note and mortgage as agreed.

Trustee's fieldmen made numerous calls upon the mortgagor for the purpose of enforcing collection of the amounts due. The trustee procured chattel mortgages on the mortgagor's crops, live stock and machinery as additional security for the payment of arrearages under the mortgage. The record shows that on at least one occasion the mortgagor wrongfully sold property mortgaged to the trustee for the benefit of bondholders and appropriated the proceeds to his own use. This security was lost through no fault of the trustee. The record further shows that on or about May 31, 1927, the mortgagor deposited $1,000 that he intended to pay the trustee herein in a bank in Laurel the day before the bank closed and it was lost. Clearly this was through no fault of the trustee. The trust deed in this case did not require the trustee to give notice of interest defaults to the bondholders. It is true that in the case of *First Trust Co. v. Carlsen, supra,* we held that it was the duty of the trustee to so do and he would be required to respond in damages for not so doing when the situation was such that the information would be material in preventing losses to the beneficiary of the trust. It is quite apparent from what we have heretofore said that the trustee in this case acted in good faith, diligently performed the duties cast upon it by the terms of the trust deed, and exercised its best judgment in the light of the situation before it when called upon to make a decision. A trustee cannot be held liable for honest mistakes of business judgment which can be ascertained only from a retrospective point of view. We fail to find evidence of bad faith, concealment or misrepresentations on the part of the trustee. The record indicates that the trustee used its best efforts for the benefit of bondholders, and considering in addition thereto the exculpatory provisions of the trust deed, we fail to find that the trustee has been guilty of such negligence or bad faith required by the contract to create liability.

Appellants contend that the trustee was guilty of gross negligence and bad faith in paying the delinquent taxes

for the years 1926, 1927, 1928, 1929, 1930 and 1931, and not notifying bondholders of the fact that the mortgagor had failed to pay them. At the outset, it must be borne in mind that the duties and powers of a trustee are determined by the provisions of the instrument creating the trust except for such provisions that have been held invalid because repugnant to public policy. In the case at bar the trust deed provided: "In the event the mortgagors should fail to pay any or all of said taxes and assessments before the same shall become delinquent, the trustee may, at its option, but shall not be obliged to do so, pay such taxes and assessments and include the amount of such payments made, together with interest thereon at the rate of ten per cent. (10%) per annum, as part of the indebtedness secured by this mortgage." There is no provision in the trust deed requiring the giving of notice to bondholders upon the failure of the mortgagor to pay the taxes on the mortgaged property or at the time the trustee elects to pay them under the express provisions of the trust deed. We can conceive of situations where nonpayment of taxes by the mortgagor might become so serious as to require the trustee, in the exercise of its judgment, to give notice to bondholders. The diligence and good faith exercised by the trustee in collecting interest advancements from the mortgagor are as applicable to its collection of delinquent taxes, and we will not repeat those facts again. The trustee collected the amount of the 1924 and 1925 taxes from the mortgagor and reimbursed itself to that extent on advancements made by it on taxes. When we consider that the trustee was expressly authorized to make advancements for the payments of taxes by the provisions of the trust deed, that it used every reasonable method of collecting the amounts thereof from the mortgagor, and in view of the exculpatory provisions of the trust deed, we are convinced that the trustee is not guilty of gross negligence or wrong-doing in handling the taxes on this property as it did.

Having held that the trustee did not breach its trust in

failing to commence foreclosure sooner than it did, the trustee is not liable for any subsequent depreciation in the value of the property. Appellants contend that the trustee should have obtained a personal judgment against the mortgagor and allege that, if the property had been foreclosed at an earlier date, the mortgagor would have been financially able to pay off a deficiency judgment. The record contains no evidence to sustain this allegation and it necessarily fails for want of proof.

We therefore conclude that the trial court was right in directing a verdict for the defendant.

AFFIRMED.